## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN L. HECKEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-878-D |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. __). As the parties have briefed their positions, the matter is at issue. For the following reasons, it is recommended that the decision of the Commissioner be affirmed.

## **I. PROCEDURAL HISTORY**

Plaintiff protectively filed an application for disability insurance benefits on May 10, 2005, alleging a disability onset date of January 12, 2005, caused by a heart problem and type II diabetes. Tr. 14, 41-43, 57, 60. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 29, 30, 31-34, 36-38. Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on November 2,

2006.  Tr. 39, 164-92.  Plaintiff appeared in person with an attorney, and offered testimony in support of her application.  Tr. 166, 168-86.  A vocational expert also appeared and testified.  Tr. 186-91.  The administrative law judge issued his decision on November 27, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act, and she was therefore not entitled to benefits.  Tr. 11-13, 14-20.   The Appeals Council denied Plaintiff's request for review on July 25, 2007, and thus the decision of the administrative law judge became the final decision of the Commissioner.  Tr. 4-6.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal.  Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight.  However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart,  365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process.  20 C.F.R. § 404.1520; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).  The claimant bears the burden to establish a prima facie case of disability

at steps one through four.  Williams, 844 F.2d at 751 and n.2.  If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age, education, and work experience.  Id. at 751.

### III.  THE ADMINISTRATIVE LAW JUDGE'S DECISION

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520.  Tr. 15-16.  He first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date.  Tr. 16.  At steps two and three, the administrative law judge found that the medical evidence indicated that Plaintiff suffers from obesity, cardiomegaly, and hypertension, and that her impairments were severe but not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4.  Tr. 16-17.  At the fourth step of the sequential evaluation process, the administrative law judge first found that Plaintiff has the residual functional capacity to lift ten pounds, and stand/walk for less than two hours in an eight hour work day.  Tr. 17.  Based on this residual functional capacity finding, the administrative law judge concluded that Plaintiff could not perform her past relevant work as a licensed practical nurse, cashier/checker, sales clerk, and receptionist.  Tr. 18. At step five, considering Plaintiff's age, education, work experience, residual functional capacity, and the testimony of the vocational expert, the administrative law judge determined that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.  Tr. 19.   Thus, the

administrative law judge found that Plaintiff was not disabled and, therefore, not entitled to disability insurance benefits. Tr. 19-20.

## IV.  PLAINTIFF'S ARGUMENT ON APPEAL

Plaintiff raises one issue for judicial review.  She claims the administrative law judge's determination of her residual functional capacity is not supported by substantial evidence.  Plaintiff's Opening Brief, p. 2.

## V.  DISCUSSION

Though Plaintiff frames her argument on appeal as one broad issue concerning factual error, her briefing actually makes three arguments raising claims of both legal and factual error.  Initially, Plaintiff takes the "legally awkward" position that the administrative law judge erred in according controlling weight to her treating physician's opinion concerning her functional limitations.  Id. at 2-3.  Plaintiff asserts the opinion was set forth on a check-the-box form without any narrative support or explanation of the findings.  Id. at 3-4.  While maintaining that the administrative law judge appropriately considered her treating physician's opinion in concluding her impairments were severe, she argues her treating physician's opinion as to the functional limitations caused by her impairments should not have been given controlling weight.  Id. at 4-7.  Instead, Plaintiff claims, the administrative law judge should have ordered a consultative examination to establish the functional limitations attributable to her impairments.  Id. at 6-7.  Fleetingly, Plaintiff also suggests the administrative law judge erred in his credibility analysis by improperly considering the fact

that Plaintiff did not follow the diet and exercise regimen urged by her treating physician because of her financial inability to obtain regular medical care. Id. at 7-8.

The Commissioner asserts that the administrative law judge committed neither legal nor factual error in evaluating Plaintiff's claims. As to Plaintiff's contention that a consultative examination should have been ordered, the Commissioner points out that there was no conflict in the evidence to trigger the administrative law judge's obligation to generate more evidence by ordering a consultative examination. Response Brief, p. 6. Further, the Commissioner contends that Plaintiff's treating physician's residual functional capacity assessment is consistent with his office records and, therefore, the administrative law judge gave the opinion an appropriate amount of weight. Id. at 8-9. As to the credibility issue, the Commissioner argues that Plaintiff has failed to establish a correlation between her financial inability to obtain regular medical care and failure to follow a recommended diet and exercise regimen, so it was not improper for the administrative law judge to consider this fact in assessing her credibility. Id. at 8 n.1.

Because a social security hearing is a non-adversarial proceeding, an administrative law judge has the duty "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." Henrie v. United States Dep't of Health and Human Servs., 13 F.3d 359, 360-61 (10th Cir. 1993). To that end, the Commissioner's regulations describe "[s]ituations requiring a consultative examination" as those where:

> (1) The additional evidence needed is not contained in the records of your medical sources;

>(2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;
>
>(3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
>(4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
>
>(5) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

20 C.F.R. § 404.1519a(b).  But before further investigation is required, there must be "some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation."  Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997).  "When the claimant has satisfied his or her burden in that regard, it then, and only then, becomes the responsibility of the [administrative law judge] to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment."  Id.  An administrative law judge enjoys "broad latitude in ordering consultative examinations."  Id. at 1166.

In cases where a claimant is represented by counsel, an administrative law judge ordinarily is "entitled to rely on the claimant's counsel to structure and present the claimant's case in a way that the claimant's claims are adequately explored and . . . may ordinarily require counsel to identify the issue or issues requiring further development."  Maes v. Astrue, ___ F.3d ___, 2008 WL 1701685, at *2 (10th Cir. Apr. 14, 2008) (citation and

internal quotations and alterations omitted). In the absence of such a request from counsel, the Tenth Circuit Court of Appeals has refused to "impose a duty on the [administrative law judge] to order a consultative examination unless the need for one is clearly established in the record." Hawkins, 113 F.3d at 1168.

As the Commissioner argues, here the administrative law judge's duty to develop the record further was not triggered because the need for a consultative examination was not clearly established by the record. There was no lack of necessary evidence, and the record presented no significant conflicts, inconsistencies, ambiguities, or insufficiencies that could not be resolved by recontacting Plaintiff's treating sources. The medical evidence Plaintiff submitted in support of her claim consisted primarily of records from her treating physician, Dr. Jeffrey Shuart, whom Plaintiff testified she saw for approximately 15 years prior to the hearing. Tr. 112-25, 152-63, 174. Dr. Shuart's records show Plaintiff has non-insulin dependent diabetes which she does not monitor with home glucose testing, hypertension, and cardiac problems for which she takes medication. Tr. 152. Dr. Shuart remarked that Plaintiff does not follow either a diet or exercise regimen even though he has advised her to do so, and suffers from obesity of "severe intensity." Tr. 152. Plaintiff's medical file also contains x-ray and echocardiogram reports indicating the existence of a "rather severe" and "marked" cardiomegaly, and moderate hypertrophy in the left ventricle without any significant chamber dilation. Tr. 118, 122, 135, 143.

After Plaintiff filed her application for disability benefits, Dr. Shuart executed a Medical Source Statement of Ability to Do Work Related Activities (Physical) form where

he concluded Plaintiff could lift/carry less than ten pounds occasionally, less than ten pounds frequently, and stand and/or walk less than two hours in an eight hour work day. Tr. 140-41. Dr. Shuart did not assess any other exertional, postural, manipulative, visual/communicative, or environmental limitations. Tr. 141-42. The only other evidence pertaining to Plaintiff's functional abilities was a Residual Functional Capacity Assessment form executed by a non-examining physician who concluded Plaintiff could occasionally lift 20 pounds, frequently lift ten pounds, stand or walk for six hours in an eight hour work day, sit with normal breaks for a total of six hours in an eight hour work day, and perform unlimited pushing or pulling. Tr. 127. She assessed no postural, manipulative, visual, communicative, or environmental limitations. Tr. 128-30. In support of these conclusions, the non-examining physician relied upon the echocardiogram which showed an ejection fraction of 50-55% and that Plaintiff's left ventricle has moderate hypertrophy without significant chamber dilation. She also noted Plaintiff is obese, has elevated blood pressure, and diabetes with no evidence of organ damage secondary to the disease. Tr. 128.

This medical record did not require the administrative law judge to order a consultative examination because it contained sufficient information to enable him to render a decision. The record contained evidence pertinent to the severity of Plaintiff's impairments, ongoing treatment, and the resulting functional limitations. See Musgrave v. Sullivan, 966 F.2d 1371, 1375 (10th Cir. 1992). Further, the only difference of opinion in the evidence was between Plaintiff's treating physician and a non-examining reviewing physician concerning the extent of Plaintiff's functional limitations. This difference of

opinion is insignificant because "[t]he opinions of physicians who have seen a claimant over a period of time for purposes of treatment are given more weight over . . . those who only review the medical records and never examine the claimant." Williams v. Bowen, 844 F.2d 748, 757 (10th Cir. 1988).  In any event, the administrative law judge relied upon the restrictive opinion of Plaintiff's treating physician which was more favorable to her claim of disability than the only other opinion concerning her functional limitations.  Tr. 17.

Significantly, Plaintiff was represented by counsel at the hearing who, judging from the record, did not suggest to the administrative law judge at any time that Plaintiff should undergo a consultative examination to obtain more evidence concerning the extent of her functional limitations.  See Tr. 166-91.  In a letter addressed to the Office of Hearings and Appeals, Plaintiff's counsel stated "[y]ou might consider sending [Plaintiff] out for cardio pulmonary tests, as this Claimant has no money for extensive tests."  Tr. 40.  Counsel did not renew this recommendation to the administrative law judge and, given the circumstances, it would be inappropriate to remand the case based upon the administrative law judge's alleged failure to carry out his duty to develop the record.  Hawkins, 113 F.3d at 1167-68; Branum v. Barnhart, 385 F.3d 1268, 1271-72 (10th Cir. 2004) (concluding the administrative record was sufficient to determine the case where the claimant made no showing that anything of signficance was missing from the record); Maes, 2008 WL 1701685, at *3 ("Although the [administrative law judge] has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record . . . and later fault the [administrative law judge] for not performing a more exhaustive investigation.").  Thus, Plaintiff's claim that the

9

administrative law judge should have ordered a consultative examination does not necessitate a remand.

Plaintiff's argument that the medical source statement given by Dr. Shuart does not constitute substantial evidence because it is contained on a check-the-box form is similarly unavailing. While it is true that check-the-box evaluation forms, "standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence," Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987), Plaintiff's reliance upon this principal ignores the fact that Dr. Shuart's medical source statement does not stand alone with no written reports to corroborate his opinions as to the functional limitations attributable to her impairments. Indeed, the pertinent portions of the record consist almost entirely of Dr. Shuart's office records which record Plaintiff's complaints, Dr. Shuart's observations after physical examination, diagnoses, treatment recommendations, requests for additional testing, and receipt of laboratory and other specialized testing results. Tr. 112-25, 140-42, 152-63. Since Dr. Shuart's opinion is supported by his office records, it constitutes substantial evidence upon which the administrative law judge could rely to assess Plaintiff's residual functional capacity. See Frey, 816 F.2d at 515.

Even though Dr. Shuart assessed very restrictive functional limitations in his medical source statement, Plaintiff argues the administrative law judge erred in according controlling weight to Dr. Shuart's conclusions in the statement. An administrative law judge must give the opinion of a treating physician controlling weight if it is both (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "consistent with

other substantial evidence in the record." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal quotation marks omitted). Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416. 927."[1] Id. (internal quotation marks omitted). An administrative law judge "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002) (quotation and emphasis omitted).

There is no basis to conclude that the administrative law judge should not have given controlling weight to Dr. Shuart's opinion. It is well-supported by medically acceptable clinical and laboratory diagnostic techniques as demonstrated by his office records, and is consistent with the other evidence in the record. Indeed, Plaintiff points to nothing contrary in the record. In making this argument, Plaintiff essentially suggests the administrative law judge should have considered Dr. Shuart's opinion only to the extent it was favorable to her claim of disability. This, however, is something an administrative law judge cannot do. Cf. Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The [administrative law judge] is not entitled to pick and choose from a medical opinion . . . .").

---

[1] Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the administrative law judge's attention which tend to support or contradict the opinion.

Finally, Plaintiff's insinuation that the administrative law judge erred in performing his credibility analysis is meritless. In his decision, the administrative law judge remarked: "[T]he record indicates that the claimant's hypertension is not being treated by her with the use of non-pharmacologic treatment modalities. This would include following a diet and an exercise regimen." Tr. 18. At the hearing, Plaintiff testified she is unable to obtain regular medical treatment because she has no medical insurance and must pre-pay for services at Dr. Shuart's office. Tr. 185-86. In attacking the administrative law judge's consideration of Plaintiff's failure to follow a diet and exercise regimen, Plaintiff complains "the [administrative law judge] does not take into consideration here the difficulties Plaintiff describes in obtaining medical care and evaluation." Plaintiff's Opening Brief, p. 7. Like the Commissioner, the undersigned fails to see a correlation between Plaintiff's financial inability to obtain regular medical treatment for her problems, including medications to control them and regular evaluations, and her ability to follow a diet and exercise regimen.

Plaintiff further briefly argues that the administrative law judge did not follow the correct legal standard in evaluating her non-compliance with prescribed treatment, citing 20 C.F.R. § 404.1530 and <u>Teter v. Heckler</u>, 775 F.2d 1104 (10th Cir. 1985). Plaintiff's reliance on the regulation and <u>Teter</u> is misplaced because the administrative law judge did not deny benefits on the grounds she failed to follow prescribed treatment. Tr. 18. Rather, he made his comment about her failure to use nonpharmacologic treatment modalities, including diet and exercise as recommended by her treating physician, in evaluating her credibility as to the disabling extent of her chest pain. Tr. 18. It was proper for him to consider what efforts she

made to relieve her pain in evaluating the credibility of her complaints of pain. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Accordingly, the administrative law judge did not, as Plaintiff argues, err in his credibility analysis by considering Plaintiff's failure to follow a restricted calorie diet and engage in exercise as recommended by Dr. Shuart.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed.

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by May 19, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 28th day of April, 2008.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE